```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALFREDO COTTO, LAW OFFICES OF           :
WILLIAM PAGER, AND                      :
WILLIAM PAGER, ESQ.,                    :
                                        :
                Plaintiffs,             :
                                        :       MEMORANDUM & ORDER
        -against-                       :       19-cv-04089 (DLI) (ST)
                                        :
NYU LANGONE HOSPITALS, NYU              :
LANGONE HEALTH SYSTEMS, NEW YORK        :
LANGONE MEDICAL CENTER, NYU             :
LANGONE ORTHOPEDIC HOSPITAL,            :
HANK ROSS MEDICAL P.C., ALLSTATE        :
INSURANCE COMPANY, AND TRUSTEES         :
OF THE 1199SEIU FUND FOR                :
HEALTH AND HUMAN SERVICE                :
EMPLOYEES,                              :
                                        :
                Defendants.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Alfredo Cotto, William Pager, Esq., and the Law Offices of William Pager (collectively, "Plaintiffs") bring this action alleging violations of various New York laws, breach of contract, unjust enrichment, and claiming to "involve" the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), against Defendants NYU Langone Health Systems, NYU Langone Hospitals, NYU Langone Orthopedic Hospital, New York Langone Medical Center (collectively, the "NYU Defendants"), Hank Ross Medical P.C. ("Hank Ross"), The 1199SEIU National Benefit Fund for Health and Human Service Employees (the "Fund"), and Allstate Insurance Company ("Allstate"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. The NYU Defendants and the Fund (collectively, the "Moving Defendants"), each moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter

jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Fund Mot. to Dismiss, Dkt. Entry No. 8, and NYU Defs. Mot. to Dismiss, Dkt. Entry No. 15. Plaintiffs opposed the NYU Defendants' motion to dismiss. Dkt. Entry No. 16. For the reasons set forth below, the motions to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction are granted and the case is dismissed in its entirety.[1] As such, the Court need not address Defendants' alternate grounds for dismissal.

## I. Background

The following allegations are taken from the Complaint, and are presumed true for purposes of this decision. On September 20, 2015, Plaintiff Alfredo Cotto ("Cotto"), a resident of Brooklyn, New York, sustained injuries in a motor vehicle accident in Brooklyn. Compl. ¶¶ 1, 39. Cotto sought medical treatment and related services for his injuries from Hank Ross and NYU Langone Hospital. *Id.* ¶ 42. During the relevant time period, Cotto had insurance coverage from Allstate. *Id.* ¶ 48. Hank Ross and the NYU Defendants had the duties and obligations, *inter alia*, to submit timely medical bills on behalf of Cotto to Allstate pursuant to New York Insurance Law § 5101, *et seq.* Compl. ¶¶ 49-57. Hank Ross and the NYU Defendants did not fulfill those duties and obligations and, instead, submitted Cotto's medical bills to the Fund, which reimbursed Cotto's medical expenses. *Id.* ¶¶ 61-65.

Cotto, through his counsel, William Pager, Esq. and the Law Offices of William Pager, commenced an action in New York State Supreme Court, Kings County, for personal injuries sustained in the accident that ended in a settlement. *Id.* ¶¶ 40-41; 64. The Fund thereafter sought, *inter alia*, reimbursement from Plaintiffs of funds received pursuant to the state court settlement

---

[1] On October 30, 2019, Defendant Allstate moved for a premotion conference seeking leave to file a motion to dismiss the Complaint. Dkt. Entry No. 19. There is no need for either the premotion conference or for Defendant Allstate to file a motion to dismiss this action based on the Court's finding that it lacks subject matter jurisdiction over the entire case. This action is dismissed as to Defendant Allstate as well.

2

through a separate federal civil action currently pending before another district judge in this Court.[2] *Id.* ¶ 65; *See also*, *Trs. of the 1199SEIU Nat'l Benefit Fund for Health and Human Serv. Emps. v. Cotto*, 18-cv-7123 (AMD) (CLP).

Plaintiffs' unspecified first cause of action, spanning 33 paragraphs and citing various New York state laws, including "N.Y. Comp. Codes R. & Reg. Tit. 11, 65-1.1(b)(2002)(Regulation 68)" and "New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.)," concludes, without explanation, "[t]hat by reason of the foregoing," Plaintiffs were damaged in the sum of five million dollars. *See*, Compl. ¶¶ 36-68. Plaintiffs' second and third causes of action, each labeled "A SECOND CAUSE OF ACTION," assert, respectively, claims for breach of contract and unjust enrichment. *Id.* ¶¶ 69-76, 77-83. Notably, despite vague assertions otherwise, Plaintiffs bring no cause of action under ERISA or any other federal law. *See generally*, Compl.

The Moving Defendants contend that there is no subject matter jurisdiction because there is no diversity among the parties, and a mere passing reference to a federal statute in the Complaint, without more, does not satisfy Plaintiffs' burden to show that this Court's federal question jurisdiction has been invoked properly. NYU Defs. Mot. to Dismiss at 2-4; Fund Mot. to Dismiss at 9-11. The Moving Defendants further argue that: (1) the first cause of action must be dismissed because it is "unintelligible" and seeks "unknown relief;" (2) Plaintiffs have failed to establish the essential elements of breach of contract or unjust enrichment; and (3) Plaintiffs' putative state law claims against the Fund are preempted by ERISA.

---

[2] As the Court lacks subject matter jurisdiction over the instant case, there is no point in reassigning this case as related to the other district judge.

## II. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss under Rule 12(b)(1), "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## III. Discussion

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "Federal subject matter jurisdiction is available only when a 'federal question' is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000." *Petway v. New York City Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 450 F. App'x 66 (2d Cir. 2011). "To invoke federal question jurisdiction, the plaintiff's claim(s) must arise 'under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "To invoke diversity jurisdiction, the cause of action must arise between citizens of different states and the matter in controversy must exceed the sum or value of $75,000." *Petway*, 2010 WL 1438774, at *2 (citing 28 U.S.C. § 1332).

As an initial matter, Plaintiffs have failed to satisfy their burden of establishing the existence of a federal question in this case. Plaintiffs allege that their claims "involve and fall within the scope of ERISA and involve questions of federal law, conferring exclusive federal

4

jurisdiction and 'providing for appropriate remedies, sanctions, and ready access to the Federal courts.'" Compl. ¶ 3 (quoting 29 U.S.C. § 1001(b)). Aside from this cursory and conclusory allegation, the only other reference in the Complaint to ERISA is the assertion that "Jurisdiction exists under Title 28 USCA Section 1332, as well as ERISA and various other reasons, as set forth above." Compl. ¶ 35. These bare references to a federal statute are insufficient to establish federal question jurisdiction. *See, e.g.*, *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) ("[I]n order to sustain federal jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous"); *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (federal question jurisdiction requires a "genuine and present controversy . . . disclosed upon the face of the complaint."). The instant Complaint is void of any factual allegations that make out an ERISA violation.

Notably, in their opposition to the NYU Defendants' motion to dismiss, Plaintiffs make no attempt to establish jurisdiction or otherwise respond to Defendants' jurisdictional arguments. *See generally*, Decl. in Opp'n to NYU Langone's Mot. to Dismiss, Dkt. Entry No. 16. By failing to address these arguments, they are deemed to have abandoned their claim. *See*, *Maher v. All. Mortg. Banking Corp.*, 650 F. Supp.2d 249, 267 (E.D.N.Y. 2009) (collecting cases).

Secondly, Plaintiffs have failed to establish diversity jurisdiction. Plaintiffs, citizens of New York, allege that the NYU Defendants and Hank Ross are citizens of New York. *See*, Compl. ¶¶ 16-26 (the NYU Defendants), Compl. ¶¶ 27-30 (Hank Ross). Plaintiffs provide no support for their allegation that "[j]urisdiction exists under Title 28 USCA Section 1332." Compl. ¶ 35. On its face, the Complaint establishes that there is no such jurisdiction. *See*, *Lehman v. Discovery Commc'ns, Inc.,* 217 F. Supp.2d 342, 347 (E.D.N.Y. 2002) ("For a district court to have diversity

jurisdiction, there must be complete diversity of citizenship, which means that no plaintiff is a citizen of the same state as any defendant." (citations omitted)).

Finally, Plaintiffs erroneously reason that "the jurisdiction of this Court is invoked herein, *inter alia*, in that one of the named defendants herein, [the Fund] had earlier commenced a related action against [Plaintiffs] and that this action is currently pending in this federal district court, Eastern District of New York." Compl. ¶ 4. That a matter may be "related" to a pending action does not establish subject matter jurisdiction over that matter. The local rules, which include the concept of "relatedness," were "adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys." *United States v. Astra Motor Cars*, 352 F. Supp.2d 370, 372 (E.D.N.Y. 2005) (quoting the preamble to the Guidelines for the Division of Business Among District Judges, Eastern District); *See also*, Local Civil Rule 50.3.1.

## IV. Conclusion

For the reasons set forth above, the motions to dismiss the Complaint for lack of subject matter jurisdiction are granted. This action is dismissed in its entirety as to all defendants, without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
February 21, 2020

/s/
DORA L. IRIZARRY
United States District Judge